UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS KIRBY,

                              Plaintiff,

v.

DET. SGT. MICHAEL GUADAGNINO, East                     1:22-CV-0011
Greenbush Town Police, County of Rensselaer,              (MAD/ML)
State of New York; K.P. TERRY, Investigator
#357 Colonie Town Police, Albany County,
State of New York; DET. SGT. DN THOMAS,
Colonie Town Police, Albany County State of
New York; and POLICE OFFICER PAUL
SPADINGER, Colonie Town Police, Albany
County, State of New York,

                              Defendants.
_____

APPEARANCES:                                                   OF COUNSEL:

NICHOLAS KIRBY
  *Pro Se* Plaintiff
Rensselaer County Jail
4000 Main Street
Troy, New York 12180

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

**I.    BACKGROUND**

Plaintiff's complaint was received for filing in the Northern District of New York on January 5, 2022, along with an application to proceed in the action in forma pauperis ("IFP"). Plaintiff has not paid the filing fee for this action.[1] (Dkt. Nos. 1, 2.)

---

[1]     The total cost for filing a civil action in this court is $402.00 (consisting of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $52.00). Although a party

On January 10, 2022, upon review, United States District Judge Mae A. D'Agostino issued an order administratively closing this action due to Plaintiff's failure to submit a completed and signed IFP application that included either (1) a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint, or (2) a certified IFP application in accordance with the Court's Local Rules.  (Dkt. No. 5.)  In addition, Judge D'Agostino's order noted that Plaintiff failed to submit an inmate authorization form in accordance with the Court's Local Rules.  (*Id*. at 2.)  Plaintiff was advised that if he decided to pursue this action he must notify the Court and either (1) pay the filing fee in full, or (2) submit a completed, signed, and properly certified IFP application and inmate authorization form within thirty days of the filing date of Judge D'Agostino's order.  (*Id*. at 3.)

On January 18, 2022, Plaintiff filed a motion for appointment of counsel.  (Dkt. No. 7.) On January 21, 2022, Plaintiff filed an amended IFP application and an inmate authorization form.  (Dkt. Nos. 7, 8.)  On January 21, 2022, Judge D'Agostino directed the Clerk of the Court to reopen this action and restore it to the Court's active docket.  (Dkt. No. 10.)

II.     PLAINTIFF'S AMENDED IFP APPLICATION

A civil action is commenced in federal district court by filing a complaint.  Fed. R. Civ. P. 3.  The statutory filing fee must be paid at the time an action is commenced unless the plaintiff seeks IFP status.  28 U.S.C. §§ 1914(a), 1915(a).  Where a prisoner files an IFP application, Rule 5.1.4 of the Local Rules of Practice for the Northern District of New York requires that he also submit a completed and signed inmate authorization form.  N.D.N.Y. L.R. 5.1.4(b)(1)(B).

---

(including an inmate-plaintiff) granted IFP status is not required to pay the $52.00 administrative fee, a prisoner granted IFP status is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action.  28 U.S.C. § 1915(b)(3).

2

The statute governing a prisoner's application to proceed IFP in federal court, 28 U.S.C. § 1915, provides, in pertinent part, that an IFP request must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with Rule 5.4 of the Local Rules of Practice for the Northern District of New York, a prisoner seeking IFP status in a civil action may satisfy the statutory requirements by submitting a completed, signed, and certified IFP application. N.D.N.Y. L.R. 5.1.4(b)(1)(A). A "certified" IFP application is one on which the certificate portion at the bottom of the form has been completed and signed by an appropriate official at the plaintiff's facility. The certificate portion of the application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months. Accordingly, inmates requesting IFP status may either submit a completed, signed, and certified IFP application as provided in the Local Rules, or they may submit certified copies of their account statements for the six-month period immediately preceding the filing of a complaint as set forth in 28 U.S.C. § 1915(a)(2).[2]

Upon review, the Court finds that plaintiff's IFP application is incomplete. Plaintiff has neither submitted a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint nor submitted a certified IFP

---

[2] Upon compliance with the filing fee requirements, the Court must also consider the plaintiff's request to proceed IFP in light of the "three strikes" provision of 28 U.S.C. § 1915(g) and, if appropriate, review the complaint in accordance with 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

application in accordance with the Court's Local Rules.³  To do away with these requirements would disregard a requirement clearly set fort in an Act of Congress.  *See* 28 U.S.C. § 1915(a)(2) (providing that the prisoner "shall" submit the information in question).

As a result, Plaintiff's IFP application is incomplete and must be denied.  In light of Plaintiff's *pro se* status, I recommend that the Court allow him a **final** opportunity to file a renewed IFP application or pay the filing fee.  If Plaintiff wishes to renew his IFP application, he must, within thirty days of the Court's ruling on this Order and Report-Recommendation, submit either (1) a completed, signed, and certified IFP application, or (2) a completed and signed IFP application along with certified copies of his inmate account for the six-month period immediately preceding the filing of his Complaint.  If Plaintiff fails to timely comply, I recommend that this action be dismissed without prejudice.

### III.   MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel.  (Dkt. No. 7.)

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination.  *Terminate Control*, 28 F.3d at 1341 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

---

³    The Court notes that Plaintiff has completed and filed the inmate authorization form in accordance with the Court's Local Rules.  (Dkt. No. 9.)

Before evaluating a request for appointment of counsel, a party must first demonstrate that he is unable to obtain counsel through the private sector or public interest firms. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (citing *Hodge*, 802 F.2d at 61).

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, as noted above, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control*, 28 F.3d at 1341 (quoting *Hodge*, 802 F.2d at 61). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the undersigned has recommended dismissal of the action. As a result, the Court cannot find that Plaintiff's claims are likely to be of substance. Plaintiff's motion (Dkt. No. 7) is therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 7) is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff's amended IFP application (Dkt. No. 8) is **DENIED as incomplete**; and it is further respectfully

**RECOMMENDED** that, because this action was not properly commenced, the Clerk of the Court be directed to administratively close this action; and it is further respectfully

**RECOMMENDED** that if Plaintiff desires to pursue this action, he, **within 30 days** of the Court's ruling on this Order and Report-Recommendation, either (1) pay the $402.00 filing fee in full, or (2) submit a completed and signed IFP application;[4] and it is further

**ORDERED** that, in accordance with the Rule 10.1(c)(2) of the Court's Local Rules, Plaintiff shall promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address. Plaintiff's failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order and Report-Recommendation on Plaintiff along with a blank IFP application.

---

[4] As noted above, certified account statements may be submitted in lieu of the completed certification portion of the IFP application. 28 U.S.C. § 1915(a)(2).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: February  8 , 2022
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).